# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. FARIBORZ NAENI, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00290-DAD-SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Debby Genthner is appearing pro se and in forma pauperis in this action. Currently before the Court is Plaintiff's complaint, filed March 1, 2017. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

On February 29, 2016, Plaintiff went to the Surgical Services Clinic for a left ankle injury. (Compl. at 7,[1] ECF No. 1.) Dr. Okoro told Plaintiff that she and Dr. Fariborz Naeni looked at the x-rays that were taken of Plaintiff's left ankle that day and that Dr. Naeni would come see Plaintiff. (Compl. at 5, 7.) Plaintiff claims that Dr. Naeni did not go to Plaintiff's room to examine her and Dr. Okoro did not examine her foot and barely touched her ankle. (Compl. at 7.) Dr. Okoro told Plaintiff that "everything was fine with [her] x-rays." (Compl. at 8.) Dr. Okoro told Plaintiff that her "left foot had no other breaks or trauma and it was okay to continue to walk on [her] left foot." (Compl. at 7.) Dr. Okoro said it was a sprain and to stay off of it for a while if it hurt, but that it was okay to walk on it, and even power walk on it. (Compl. at 8.)

On May 26, 2016, Plaintiff went to the emergency room at Community Regional Medical Center ("CRMC"). (Compl. at 7.) Plaintiff alleges that her ankle was re-injured, looked bruised again, was really swollen, and she had a hard time walking on it. (Compl. at 9.) Plaintiff claims

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   that she waited over ten hours to see a doctor and have x-rays taken. (Id.) Plaintiff claims that
2   Dr. Yolanda Moore looked at the February 29, 2016 and May 29, 2016 x-rays and then talked to
3   Plaintiff in the hallway. (Id.) Plaintiff alleges that Dr. Yolanda Moore told her that she could
4   see a prior fracture, which healed, and some fragmented bones in her left ankle on the February
5   29, 2016 x-rays. (Compl. at 7, 9.) Plaintiff contends that the doctors who looked at her x-rays
6   on May 29, 2016, did not note her avulsion fracture, that her ankle was "really swollen," and that
7   she could barely walk. (Compl. at 9.) Plaintiff begged Dr. Moore for a referral to an orthopedic
8   specialist because Dr. Luong, her doctor, would not give her one, but Dr. Moore said she could
9   not give her one because it was an old injury. (Compl. at 9, 10.) Dr. Moore gave Plaintiff a flat
10  foot support and told Plaintiff to go to her doctor for a referral. (Compl. at 9.)

11         On September 20, 2016, Plaintiff was seen by Dr. Douglas M. Bluth, who told Plaintiff
12  that she had an avulsion fracture in her left ankle. (Compl. at 7.) Plaintiff wore a boot for over a
13  month and her ankle started to feel better. (Compl. at 8.) She wears a brace for her left ankle
14  daily. (Id.) She still has pain and does not think it healed properly, but she has not had any
15  follow-up care. (Compl. at 8-9.) She thinks she should have another x-ray and a consultation
16  with an orthopedic doctor to see if it healed properly and if there is permanent damage. (Compl.
17  at 9.)

18         Plaintiff claims that she suffered emotional distress because Dr. Naeni and Dr. Okoro did
19  not diagnose and treat her for the avulsion fracture in her left ankle on February 29, 2016, at the
20  Surgical Services Clinic, and Dr. Moore, Dr. Chinnock, and other doctors did not do so on May
21  26, 2016, at CRMC. (Compl. at 7, 8, 11.) Plaintiff alleges that she walked around in pain for
22  over eight months with no diagnosis or treatment for her ankle fracture. (Compl. at 8, 11.) She
23  alleges that she "woke up with [her] left ankle bruised with swelling and a lot of pain." (Compl.
24  at 8.) She claims that Dr. Moore, Dr. Brian Chinnock, and others at CRMC did not diagnose
25  new fractures, swelling, and bruising on May 26, 2016. (Compl. at 9, 10.) She claims that she
26  should have seen an orthopedic doctor and been fitted with a boot at CRMC and had a follow-up
27  appointment scheduled with an orthopedic doctor. (Compl. at 10.)

28         Plaintiff brings this action against CRMC, Surgical Services Clinic, Dr. Naeni, Dr.

3

1 Moore, and Dr. Chinnock alleging federal-question jurisdiction because of respondeat superior, vicarious liability, doctrine of corporate negligence, hospital corporate liability, and California Penal Code §§11160 and 11161. (Compl. at 2-4.)

Plaintiff brings a claim under California Penal Code §§ 11160(a)(2) and (b) and 11161 for Dr. Naeni and Dr. Okoro's failure to report her left ankle avulsion fracture to authorities on February 29, 2016, and for Dr. Moore, Dr. Chinnock, and other involved doctors' failure to report her left ankle avulsion fracture to authorities on May 26, 2016. (Compl. at 8, 10, 14.) Plaintiff alleges that she has "continued to suffer from repeated injuries by this perpetrator or perpetrators because Dr. Fariborz Naeni and Dr. Okoro did not report these injuries to law enforcement authorities." (Compl. at 8.) Plaintiff also alleges that she has "continued to suffer from repeated injuries by this perpetrator or perpetrators because Dr. Yolanda Moore and Dr. Brian Chinnock did not report these injuries to law enforcement." (Compl. at 10-11.)

Plaintiff seeks compensatory damages and punitive damages. (Compl. at 14.) She also asks the Court to hold Defendants accountable and criminally charge them. (Compl. at 6, 13.) She states that the doctors named in this complaint should have their licenses revoked. (Compl. at 13.) She alleges intentional infliction of emotional distress and negligent infliction of emotional distress. (Compl. at 14.)

Plaintiff's complaint fails to state a cognizable claim for a violation of her federal rights for the reasons discussed herein.

## III.

## DISCUSSION

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to Section 1331 of Title 28 of the United States Code, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (quoting Franchise

Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted). Plaintiff brings this action alleging federal question jurisdiction.

Liberally construing the claims in the complaint, Plaintiff's claims are for medical malpractice, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, which are state law causes of action. Therefore, the Court finds that Plaintiff has not alleged a cognizable claim to implicate a federal question.[2] For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or her "asserted right to relief depends on the resolution of a substantial question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (citations omitted).

The Court notes that it cannot grant Plaintiff's request to criminally charge Defendants. The Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch. Bowsher v. Synar, 478 U.S. 714, 721 (1986). It is the Executive Branch of the United States that has exclusive authority and absolute discretion to decide whether to prosecute a case. United States v. Nixon, 418 U.S. 683, 693 (1974). As the Judicial Branch, this Court does not have the power to criminally prosecute Defendants.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P.

---

[2] The Court notes that there is no basis for diversity jurisdiction. District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Section 1332 of Title 28 requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Plaintiff has not shown that the parties are completely diverse. The complaint indicates that Plaintiff and Defendants are residents of California. (Compl. at 2-3.)

15(a). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Plaintiff shall be granted an opportunity to amend her complaint to cure the deficiencies identified in this order.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim for violation of her federal rights. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed March 1, 2017, is dismissed with leave to amend for failure to state a claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

an amended complaint; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**March 10, 2017**__

UNITED STATES MAGISTRATE JUDGE