# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>Plaintiff,<br><br>v.<br><br>DR. FARIBORZ NAENI, et al.,<br><br>Defendants. | Case No. 1:17-cv-00290-DAD-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 5)<br><br>THIRTY DAY DEADLINE |

On March 1, 2017, Plaintiff Debby Genthner ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action. (ECF No. 1.) On March 10, 2017, the complaint was screened and dismissed for failure to state a claim. (ECF No. 4.) Plaintiff was granted leave to file an amended complaint within thirty days. Currently before the Court is Plaintiff's first amended complaint, filed April 10, 2017. (ECF No. 5.)

**I.**

**SCREENING REQUIREMENT**

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard

used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

On February 29, 2016, Plaintiff went to the Surgical Services Clinic for a left ankle injury. (First Amended Complaint ("FAC") at 10,[1] ECF No. 5.) Dr. Okoro told Plaintiff that she and Dr. Fariborz Naeni looked at the x-rays that were taken of Plaintiff's left ankle that day and that Dr. Naeni would come see Plaintiff. (FAC at 10.) Plaintiff claims that Dr. Naeni did not examine her and Dr. Okoro did not examine her foot and barely touched her ankle. (FAC at 10, 11.) Dr. Okoro told Plaintiff that "everything was fine with [her] x-rays." (FAC at 11.) Dr. Okoro told Plaintiff that her "left foot had no other breaks or trauma and it was okay to continue to walk on [her] left foot." (FAC at 10.) Dr. Okoro said it was a sprain and to stay off of it for a while if it hurt, but that it was okay to walk on it, and even power walk on it. (FAC at 11.) Plaintiff alleges that she walked around in pain for over seven months with no diagnosis or

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

treatment for her ankle fracture. (FAC at 11.)

On May 26, 2016, Plaintiff went to the emergency room at Community Regional Medical Center ("CRMC"). (FAC at 12.) Plaintiff alleges that her ankle was re-injured, looked bruised again, was really swollen, and she had a hard time walking on it. (Id.) Plaintiff claims that she waited over ten hours to see a doctor and have x-rays taken. (Id.) Plaintiff claims that Dr. Yolanda Moore looked at the February 29, 2016 and May 29, 2016 x-rays and then talked to Plaintiff in the hallway. (Id.) Plaintiff alleges that Dr. Yolanda Moore told her that she had some fragmented bones in her ankle and the prior fracture had healed. (FAC at 10.) Plaintiff contends that the doctors who looked at her x-rays on May 29, 2016, did not note her avulsion fracture, that her ankle was "really swollen," and that she could barely walk. (FAC at 13.) She claims that Dr. Moore, Dr. Brian Chinnock, and others at CRMC did not diagnose new fractures, swelling, and bruising on May 26, 2016. (FAC at 12.) Plaintiff begged Dr. Moore for a referral to an orthopedic specialist because Dr. Luong, her doctor, would not give her one, but Dr. Moore said she could not give her one because it was an old injury. (Id.) Dr. Moore gave Plaintiff a flat foot support and told Plaintiff to go to her doctor for a referral. (Id.) She claims that she should have seen an orthopedic doctor and been fitted with a boot at CRMC and had a follow-up appointment scheduled with an orthopedic doctor. (FAC at 13.)

On September 20, 2016, Plaintiff was seen by Dr. Douglas M. Bluth, who told Plaintiff that she had an avulsion fracture in her left ankle. (FAC at 10.) Plaintiff wore a boot for over a month and her ankle started to feel better. (FAC at 12.) She wears a brace for her left ankle daily. (Id.) She still has pain and does not think it healed properly, but she has not had any follow-up care. (Id.) She thinks she should have another x-ray and a consultation with an orthopedic doctor to see if it healed properly and if there is permanent damage. (Id.)

Plaintiff brings this action against CRMC, Surgical Services Clinic, Dr. Naeni, Dr. Moore, and Dr. Chinnock alleging federal-question jurisdiction because of respondeat superior, doctrine of corporate negligence, hospital corporate liability, and California Penal Code §§11160 and 11161. (FAC at 2-4.)

Plaintiff claims that she suffered emotional distress because Dr. Naeni and Dr. Okoro did

not diagnose and treat her for the avulsion fracture in her left ankle on February 29, 2016, at the Surgical Services Clinic, and Dr. Moore, Dr. Chinnock, and other doctors did not do so on May 26, 2016, at CRMC. (FAC at 11-12.) She alleges intentional infliction of emotional distress and negligent infliction of emotional distress. (FAC at 18.)

Plaintiff brings a claim under California Penal Code §§ 11160(a)(2) and (b) and 11161 for Dr. Naeni and Dr. Okoro's failure to report her left ankle avulsion fracture to authorities on February 29, 2016, and for Dr. Moore, Dr. Chinnock, and other involved doctors' failure to report her left ankle avulsion fracture to authorities on May 26, 2016. (FAC at 11, 14.) Plaintiff alleges that she has "continued to suffer from repeated injuries by this perpetrator or perpetrators because Dr. Fariborz Naeni and Dr. Okoro did not report these injuries to law enforcement authorities." (FAC at 11.) Plaintiff also alleges that she has "continued to suffer from repeated injuries by this perpetrator or perpetrators because Dr. Yolanda Moore and Dr. Brian Chinnock did not report these injuries to law enforcement authorities." (FAC at 14.)

Plaintiff seeks compensatory damages and punitive damages. (FAC at 18.) She also asks the Court to criminally charge Defendants. (Id.) She states that the doctors named in this complaint should have their licenses revoked. (Id.)

### III.

### DISCUSSION

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to Section 1331 of Title 28 of the United States Code, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted). Plaintiff brings this action alleging federal question jurisdiction.

Liberally construing the claims in the complaint, Plaintiff's claims are for medical malpractice, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, which are state law causes of action.[2] Therefore, the Court finds that Plaintiff has not alleged a cognizable claim to implicate a federal question. For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or her "asserted right to relief depends on the resolution of a substantial question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (citations omitted). Therefore, Plaintiff has failed to set forth allegations to establish federal jurisdiction.[3] Plaintiff shall be granted one final opportunity to file an amended complaint to cure the jurisdictional deficiencies.

Further, the Court notes that it cannot grant Plaintiff's request to criminally charge Defendants. The Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch. Bowsher v. Synar, 478 U.S. 714, 721 (1986). It is the Executive Branch of the United States that has exclusive authority and absolute discretion to decide whether to prosecute a case. United States v. Nixon, 418 U.S. 683, 693 (1974). As the Judicial Branch, this Court does not have the power to criminally prosecute Defendants.

/ / /

/ / /

---

[2] Plaintiff also brings claims based on two sections of the California Penal Code. However, these claims also do not implicate a federal question.

[3] The Court notes that the first amended complaint does not set forth a basis for diversity jurisdiction. District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Section 1332 of Title 28 requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Plaintiff has not shown that the parties are completely diverse. The complaint indicates that Plaintiff and Defendants are residents of California. (FAC at 2-3.)

# IV.

# CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim for violation of her federal rights. Plaintiff is granted one final opportunity to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///
///
///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed April 10, 2017, is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
3. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 18, 2017**

UNITED STATES MAGISTRATE JUDGE