# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. FARIBORZ NAENI, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00290-DAD-SAB<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 7)<br><br>TWENTY-ONE DAY DEADLINE |

On March 1, 2017, Plaintiff Debby Genthner, proceeding pro se and in forma pauperis, filed this action. (ECF No. 1.) On March 10, 2017, the complaint was screened and dismissed with leave to amend. (ECF No. 4.) On April 10, 2017, Plaintiff filed a first amended complaint. (ECF No. 5.) On April 19, 2017, the first amended complaint was screened and dismissed with leave to amend. (ECF No. 6.) On May 19, 2017, Plaintiff filed a second amended complaint, which is currently before the Court. (ECF No. 7.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v.

1

Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## SECOND AMENDED COMPLAINT'S ALLEGATIONS

As with her first amended complaint, Plaintiff names Dr. Fariborz Naeni, Dr. Yolanda Moore, Dr. Brian Chinnock, Surgical Services Clinic, and Community Regional Medical Center

("CRMC") as defendants. (Second Amended Complaint ("SAC") at 2-4,[1] ECF No. 7.) She also now names Dr. Oroko as a defendant. (SAC at 2.) The second amended complaint is largely identical to the first amended complaint, except Plaintiff has added a ninth and tenth claims.

On February 29, 2016, Plaintiff went to the Surgical Services Clinic for a left ankle injury. (SAC at 8.) Dr. Okoro told Plaintiff that she and Dr. Naeni looked at the x-rays that were taken of Plaintiff's left ankle that day. (SAC at 8.) Plaintiff claims that Dr. Naeni did not examine her and Dr. Okoro did not examine her foot and barely touched her ankle. (SAC at 9, 11.) Dr. Okoro told Plaintiff that "everything was fine with [her] x-rays." (SAC at 9.) Dr. Okoro told Plaintiff that her "left foot had no other breaks or trauma and it was okay to continue to walk on [her] left foot." (SAC at 8.) Dr. Okoro said it was a sprain and to stay off of it for a while if it hurt, but that it was okay to walk on it, and even power walk on it. (SAC at 8, 9.) Plaintiff alleges that she walked around in pain for over seven months with no diagnosis or treatment for her ankle fracture. (SAC at 9, 10.)

On May 26, 2016, Plaintiff went to the emergency room at CRMC. (SAC at 10.) Plaintiff alleges that her ankle was re-injured, looked bruised again, was really swollen, and she had a hard time walking on it. (Id.) Plaintiff claims that she waited over ten hours to see a doctor and have x-rays taken. (SAC at 10-11.) Plaintiff claims that Dr. Moore looked at the February 29, 2016 and May 29, 2016 x-rays and then talked to Plaintiff in the hallway. (SAC at 11.) Plaintiff alleges that Dr. Yolanda Moore told her that she had some fragmented bones in her ankle and the prior fracture had healed. (Id.) Plaintiff contends that the doctors who looked at her x-rays on May 29, 2016, did not note her avulsion fracture, that her ankle was "really swollen," and that she could barely walk. (Id.) She claims that Dr. Moore, Dr. Chinnock, and others at CRMC did not diagnose new fractures, swelling, and bruising on May 26, 2016. (SAC at 10.) Plaintiff begged Dr. Moore for a referral to an orthopedic specialist because Dr. Luong, her doctor, would not give her one, but Dr. Moore said she could not give her one because it was an old injury. (SAC at 11.) Dr. Moore gave Plaintiff a flat foot support and told Plaintiff to go

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

to her doctor for a referral.  (Id.)   She claims that she should have seen an orthopedic doctor and been fitted with a boot at CRMC and had a follow-up appointment scheduled with an orthopedic doctor.  (SAC at 11.)

On September 20, 2016, Plaintiff was seen by Dr. Douglas M. Bluth, who told Plaintiff that she had an avulsion fracture in her left ankle.  (SAC at 8.)  Plaintiff wore a boot for over a month and her ankle started to feel better.  (SAC at 10.)  She wears a brace for her left ankle daily.  (Id.)  She still has pain and does not think it healed properly, but she has not had any follow-up care.  (Id.)  She thinks she should have another x-ray and a consultation with an orthopedic doctor to see if it healed properly and if there is permanent damage.  (Id.)

Plaintiff alleges federal-question jurisdiction based on the United States Constitution, the Fourth Amendment, privacy, conspiracy, 42 U.S.C. § 1985, 28 U.S.C. § 1343, the doctrine of corporate negligence, vicarious liability, and California Penal Code §§ 11160 and 11161.  (SAC at 3, 5.)

Plaintiff claims that she suffered emotional distress because Dr. Naeni and Dr. Okoro did not diagnose and treat her for the avulsion fracture in her left ankle on February 29, 2016, at the Surgical Services Clinic, and Dr. Moore, Dr. Chinnock, and other doctors did not do so on May 26, 2016, at CRMC.  (SAC at 10, 13.)  She alleges intentional infliction of emotional distress and negligent infliction of emotional distress.  (SAC at 19.)

Plaintiff brings a claim under California Penal Code §§ 11160(a)(2) and (b) and 11161 for Dr. Naeni and Dr. Okoro's failure to report her left ankle avulsion fracture to authorities on February 29, 2016, and for Dr. Moore, Dr. Chinnock, and other involved doctors' failure to report her left ankle avulsion fracture to authorities on May 26, 2016.  (SAC at 9, 12-13.) Plaintiff alleges that she has "continued to suffer from repeated injuries by this perpetrator or perpetrators because Dr. Fariborz Naeni and Dr. Okoro did not report these injuries to law enforcement authorities."  (SAC at 9.)  Plaintiff also alleges that she has "continued to suffer from repeated injuries by this perpetrator or perpetrators because Dr. Yolanda Moore and Dr. Brian Chinnock did not report these injuries to law enforcement authorities."  (SAC at 12.)

The second amended complaint adds a ninth claim and a tenth claim.  (SAC at 13-18.)

Plaintiff brings the ninth claim against Dr. Naeni and Dr. Oroko under 42 U.S.C. § 1985 and 28 U.S.C. § 1343 for conspiracy to deprive her of her right to a medical examination and treatment for her left ankle avulsion fracture on February 29, 2016, at the Surgical Services Clinic. (SAC at 13-14.) Plaintiff brings the tenth claim against Dr. Moore and Dr. Chinnock under 42 U.S. § 1985 and 28 U.S.C. § 1343 for conspiracy to deprive her of her right to treatment for her left ankle avulsion fracture and for not reporting her left ankle injury to the authorities on May 26, 2016, at Community Regional Medical Center. (SAC at 14-18.) She believes that city officials with the Fresno Police Department contacted Dr. Naeni and Dr. Oroko, as well as Dr. Moore and Dr. Chinnock, to prevent her from receiving treatment for her left ankle fracture and to prevent the ankle injury from being reported to authorities. (SAC at 13-14.) She alleges that unknown people who work for Fresno Police Department have been monitoring her phones and watching where she goes to seek treatment for injuries and other medical care. (SAC at 13.) She alleges that Fresno Police Department have been involved in raping her, mutilating her, and monitoring her on her phones, computers, and in her home. (SAC at 13-14.) She states that people who work for or are associated with the Fresno Police Department harmed her in her own home. (SAC at 14.) She states that she woke up with the left ankle fracture and other injuries that happened while she was sleeping. (SAC at 13.) She alleges that the conspiracy has continued for eleven years. (SAC at 14.)

Plaintiff seeks compensatory damages and punitive damages. (SAC at 19.) She also asks the Court to criminally charge Defendants. (SAC at 18.) She states that the doctors named in the second amended complaint and unknown Does should have their licenses revoked. (Id.)

### III.

### DISCUSSION

**A.  Federal Claims**

1.  28 U.S.C. § 1343 and 42 U.S.C. § 1985

Plaintiff states that there is federal question jurisdiction because of 28 U.S.C. § 1343 and 42 U.S.C. § 1985. She also brings her ninth and tenth claims under 28 U.S.C. § 1343 and 42 U.S.C. § 1985. It appears that Plaintiff is invoking Section 1343 of Title 28 of the United States

Code as a jurisdictional statute for her § 1985 claim. Section 1985 proscribes conspiracies to interfere with an individual's civil rights. Based on the facts in the second amended complaint, the only subsection of Section 1985 that could apply is 1985(3).

To state a conspiracy claim under section 1985(3), a plaintiff must allege sufficient facts to show "a deprivation of a right motived by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)). "'The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'" Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)) (emphasis omitted). A claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. Karim–Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff alleges that Defendants Dr. Naeni and Dr. Oroko conspired to deprive her of her right to a medical examination and treatment on February 29, 2016. Plaintiff also alleges that Defendants Dr. Moore and Dr. Chinnock conspired to deprive her of her right to treatment and for not reporting her left ankle injury to the authorities on May 26, 2016. She alleges that they conspired with Fresno police officers to deprive her of her rights in violation of 42 U.S.C. § 1985. She alleges that the conspiracy between the "unknown Does" who work for or are associated with Fresno Police Department, Dr. Naeni, and Dr. Oroko deprive her of her Fourth Amendment right to privacy and to be free to get treatment from a doctor after being harmed in her home. She similarly alleges that the conspiracy between the Fresno Police Department, Dr. Moore, and Dr. Chinnock deprive her of her right to privacy which prevented her from getting the care that she needed for her left ankle avulsion fracture. It is unclear if Plaintiff is alleging that there are two separate conspiracies or just one conspiracy.

Plaintiff's second amended complaint is devoid of any factual allegations to support the existence of such a conspiracy. Plaintiff fails to allege invidious discrimination or any

deprivation of the equal protection of the laws, or equal privileges and immunities. Plaintiff's conclusory allegations are insufficient. Therefore, the Court finds that Plaintiff fails to state a claim under 42 U.S.C. § 1985.

2. <u>Fourth Amendment</u>

Plaintiff alleges that the Court has jurisdiction under the Fourth Amendment. In her ninth and tenth claims, Plaintiff alleges that the Fresno Police Department monitor her phones and watch where she goes to seek treatment for her injuries and other medical care, which is an invasion of her right to privacy under the Fourth Amendment.

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . .' " <u>Terry v. Ohio</u>, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but unreasonable searches and seizures. <u>Terry</u>, 392 U.S. at 9.

Here, to the extent that Plaintiff is seeking to bring a claim under the Fourth Amendment, the Court finds that Plaintiff fails to allege sufficient facts to state a Fourth Amendment claim. Plaintiff's conclusory allegations are insufficient. The Court also notes that it is unclear from the ninth and tenth claims whether Plaintiff is actually seeking to bring a Fourth Amendment claim against Fresno Police Department officials or other city officials. In the ninth and tenth claims against Dr. Neni, Dr. Oroko, Dr. Moore, and Dr. Chinnock for violations of 42 U.S.C. § 1985, Plaintiff alleges that those who work for the Fresno Police Department are violating her Fourth Amendment rights. However, she does not name any individuals with the Fresno Police Department or city officials as defendants in this matter and it is unclear if she is actually seeking to bring claims against any officials. The Court also notes that it is unclear if this cause of action is actually related to her claims involving her medical care for her left ankle. If it is unrelated, it cannot be brought in this action regarding the medical care of her left ankle.

**B.  State Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same

case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Liberally construing the claims in the complaint, it appears that Plaintiff is bringing several state law claims, including claims for medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, corporate negligence, and vicarious liability. It also appears that Plaintiff may be attempting to bring claims based on the California Penal Code and claims for privacy pursuant to the California Constitution.[2] As Plaintiff has failed to state any cognizable federal claims in this action, the Court finds it unnecessary to screen Plaintiff's state law claims.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's second amended complaint fails to state a claim for violation of her federal rights. In an abundance of caution, **Plaintiff is granted one final opportunity to file an amended complaint within twenty-one (21) days**. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The third amended complaint should only contain claims that are in Plaintiff's second amended complaint, including claims for violations of Plaintiff's Fourth Amendment rights, 42 U.S.C. § 1985, medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, corporate negligence, vicarious liability, privacy pursuant to the California Constitution, and the California Penal Code. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

---

[2] The Court notes that Plaintiff has not demonstrated that California Penal Code §§ 11160 and 11161 authorize a private cause of action.

8

rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint, filed May 19, 2017, is dismissed with leave to amend for failure to state a claim;

2. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and

3. If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 7, 2017**

UNITED STATES MAGISTRATE JUDGE

9