# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. FARIBORZ NAENI, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00290-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE<br><br>(ECF No. 9)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Debby Genthner is appearing pro se and in forma pauperis in this action. Currently before the Court is Plaintiff's third amended complaint filed June 28, 2017.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Therefore the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

/ / /

/ / /

## II.

## THIRD AMENDED COMPLAINT ALLEGATIONS

As with her second amended complaint, Plaintiff brings claims against Dr. Fariborz Naeni, Dr. Okoro, Dr. Yolanda Moore, Dr. Brian Chinnock, Surgical Services Clinic, and Community Regional Medical Center ("CRMC").[1] (Third Amended Complaint ("TAC") at 2-21,[2] ECF No. 9.)

On February 29, 2016, Plaintiff went to the Surgical Services Clinic for a left ankle injury. (TAC at 7.) Dr. Okoro told Plaintiff that she and Dr. Naeni looked at the x-rays that were taken of Plaintiff's left ankle that day. (TAC at 7.) Plaintiff claims that Dr. Naeni did not examine her and Dr. Okoro did not examine her foot and barely touched her ankle. (TAC at 7-8.) Dr. Okoro told Plaintiff that "everything was fine with [her] x-rays." (TAC at 9.) Dr. Okoro told Plaintiff that her "left foot had no other breaks or trauma and it was okay to continue to walk on [her] left foot." (TAC at 7-8.) Dr. Okoro said it was a sprain and to stay off of it for a while if it hurt, but that it was okay to walk on it, and even power walk on it. (TAC at 9.) Plaintiff alleges that she walked around in pain for over seven months with no diagnosis or treatment for her ankle fracture. (TAC at 9, 13.)

On May 26, 2016, Plaintiff went to the emergency room at CRMC. (TAC at 11.) Plaintiff alleges that her ankle was re-injured, looked bruised again, was really swollen, and she had a hard time walking on it. (Id.) Plaintiff claims that she waited over ten hours to see a doctor and have x-rays taken. (TAC at 11, 13.) Plaintiff claims that Dr. Moore looked at the February 29, 2016 and May 29, 2016 x-rays and then talked to Plaintiff in the hallway. (TAC at 11-12.) Plaintiff alleges that Dr. Yolanda Moore told her that she had some fragmented bones in her ankle and the prior fracture had healed. (TAC at 12.) Plaintiff contends that the doctors who looked at her x-rays on May 26, 2016, did not note her avulsion fracture, that her ankle was "really swollen," and that she could barely walk. (Id.) She claims that Dr. Moore, Dr. Chinnock,

---

[1] Plaintiff also refers to unknown Does in her third amended complaint, who it appears are other doctors who did not diagnose, treat, or report her ankle fracture to authorities.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

and others at CRMC did not diagnose new fractures, swelling, and bruising on May 26, 2016. (Id.) Plaintiff begged Dr. Moore for a referral to an orthopedic specialist because Dr. Luong, her doctor, would not give her one, but Dr. Moore said she could not give her one because it was an old injury. (Id.) Dr. Moore gave Plaintiff a flat foot support and told Plaintiff to go to her doctor for a referral. (Id.) Plaintiff claims that she should have seen an orthopedic doctor and been fitted with a boot at CRMC and had a follow-up appointment scheduled with an orthopedic doctor. (Id.)

On September 20, 2016, Plaintiff was seen by Dr. Douglas M. Bluth, who told Plaintiff that she had an avulsion fracture in her left ankle. (TAC at 8.) Plaintiff wore a boot for over a month and her ankle started to feel better. (TAC at 10.) She wears a brace for her left ankle daily. (Id.) She still has pain and does not think it healed properly, but she has not had any follow-up care. (TAC at 10-11.) She thinks she should have another x-ray and a consultation with an orthopedic doctor to see if it healed properly and if there is permanent damage. (TAC at 11.)

Plaintiff alleges federal-question jurisdiction based on the United States Constitution, the Fourth Amendment, the right to privacy, the Privacy Initiative in the California Constitution, conspiracy, 42 U.S.C. § 1985, 28 U.S.C. § 1343, the doctrine of corporate negligence, vicarious liability, and California Penal Code §§ 11160 and 11161. (TAC at 3-4.)

Plaintiff claims that she suffered emotional distress because Dr. Naeni and Dr. Okoro did not diagnose and treat her for the avulsion fracture in her left ankle on February 29, 2016, at the Surgical Services Clinic, and Dr. Moore, Dr. Chinnock, and other doctors did not do so on May 26, 2016, at CRMC. (TAC at 10, 15.) She alleges intentional infliction of emotional distress and negligent infliction of emotional distress. (TAC at 21.)

Plaintiff brings a claim under California Penal Code §§ 11160(a)(2) and (b) and 11161 for Dr. Naeni and Dr. Okoro's failure to report her left ankle avulsion fracture to authorities on February 29, 2016, and for Dr. Moore, Dr. Chinnock, and other involved doctors' failure to report her left ankle avulsion fracture to authorities on May 26, 2016. (TAC at 9, 13-14.) Plaintiff alleges that she has "continued to suffer from repeated injuries by this perpetrator or

perpetrators because Dr. Fariborz Naeni and Dr. Okoro did not report these injuries to law enforcement authorities." (TAC at 9.) Plaintiff also alleges that she has "continued to suffer from repeated injuries by this perpetrator or perpetrators because Dr. Yolanda Moore and Dr. Brian Chinnock did not report these injuries to law enforcement authorities." (TAC at 14.)

Plaintiff brings a claim against Dr. Naeni and Dr. Okoro under 42 U.S.C. § 1985 and 28 U.S.C. § 1343 for conspiracy to deprive her of her right to a medical examination and treatment at the Surgical Services Clinic for her left ankle avulsion fracture on February 29, 2016. (TAC at 7-10.) Plaintiff also brings a claim against Dr. Moore and Dr. Chinnock under 42 U.S.C. § 1985 and 28 U.S.C. § 1343 for conspiracy to deprive her of her right to treatment at CRMC for her left ankle avulsion fracture and for not reporting her left ankle injury to the authorities on May 26, 2016. (TAC at 11-17.)[3]

Plaintiff seeks compensatory damages and punitive damages. (TAC at 21.) She also asks the Court to criminally charge Defendants. (Id.) She states that the doctors named in the third amended complaint and unknown Does should have their licenses revoked. (Id.)

### III.

### DISCUSSION

**A. Federal Claims**

1. <u>28 U.S.C. § 1343 and 42 U.S.C. § 1985</u>

Plaintiff brings claims against Dr. Naeni, Dr. Moore, Dr. Chinnock, Dr. Okoro, CRMC and Surgical Services Clinic under 28 U.S.C. § 1343 and 42 U.S.C. § 1985. It appears that Plaintiff is invoking Section 1343 of Title 28 of the United States Code as a jurisdictional statute for her § 1985 claim. Section 1985 proscribes conspiracies to interfere with an individual's civil rights. Based on the facts in the second amended complaint, the only subsection of Section 1985 that could apply is 1985(3).

To state a conspiracy claim under section 1985(3), a plaintiff must allege sufficient facts to show "a deprivation of a right motived by 'some racial, or perhaps otherwise class-based,

---

[3] In many of Plaintiff's claims, she refers to corporate negligence and vicarious liability. (TAC at 7-15.)

1 invidiously discriminatory animus behind the conspirators' actions.'" RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)). "'The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'" Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)) (emphasis omitted). A claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. Karim–Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff alleges that Defendants Dr. Naeni and Dr. Okoro conspired to deprive her of her right to a medical examination and treatment on February 29, 2016. Plaintiff also alleges that Defendants Dr. Moore and Dr. Chinnock conspired to deprive her of her right to treatment and for not reporting her left ankle injury to the authorities on May 26, 2016. She alleges that they conspired with Fresno police officers to deprive her of her rights in violation of 42 U.S.C. § 1985. She alleges that the conspiracy between the "unknown Does" who work for or are associated with Fresno Police Department, Dr. Naeni, and Dr. Okoro deprive her of her Fourth Amendment right to privacy and to be free to get treatment from a doctor after being harmed in her home. She similarly alleges that the conspiracy between the Fresno Police Department, Dr. Moore, and Dr. Chinnock deprive her of her right to privacy which prevented her from getting the care that she needed for her left ankle avulsion fracture.

Here, Plaintiff's allegations are conclusory and without factual support. Further, Plaintiff fails to allege invidious discrimination or any deprivation of the equal protection of the laws, or equal privileges and immunities. She does not allege any class-based discrimination against her. Therefore, the Court finds that Plaintiff fails to state a claim under 42 U.S.C. § 1985.[4]

///

---

[4] In another case, Plaintiff argued that city officials contacted medical providers as part of a multi-year process of preventing Plaintiff from obtaining medical care. See Debby Genthner v. Dr. Brien Tonkinson, et al., 1:16-cv-01348-AWI-SKO (E.D. Cal.). That court dismissed Plaintiff's claims under 42 U.S.C. § 1985. Debby Genthner v. Dr. Brien Tonkinson, et al., 1:16-cv-01348-AWI-SKO, ECF No. 3 (E.D. Cal. Feb. 9, 2017).

2. Fourth Amendment

Plaintiff alleges that the Court has jurisdiction under the Fourth Amendment. In the additional information section for the conspiracy claim with her eighth claim, Plaintiff states that the Fresno Police Department monitor her phones and watch where she goes to seek treatment for her injuries and other medical care, which she alleges is an invasion of her Fourth Amendment rights.

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . .' " Terry v. Ohio, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but unreasonable searches and seizures. Terry, 392 U.S. at 9. The Fourth Amendment applies to conduct by government actors and is not limited to law enforcement officers. See New Jersey v. T.L.O., 469 U.S. 325, 334-35 (1985); O'Connor v. Ortega, 480 U.S. 709, 714 (1987).

Here, Plaintiff alleges that Robert Hedrick and others who work for the Fresno Police Department were part of a conspiracy to invade her privacy by listening on her phones and watching where she went to seek treatment for her injuries and other medical care.[5] She alleges that they conspired with Dr. Naeni and Dr. Okoro to prevent Plaintiff from being examined and from receiving any treatment for her left ankle avulsion fracture. She also alleges that Robert Hedrick and others who work for the Fresno Police Department contacted Dr. Moore and Dr. Chinnock to prevent her from receiving any treatment for her left ankle avulsion fracture and to prevent her left ankle injury from being reported to authorities. Plaintiff contends that she has not received diagnoses or treatment for other injuries that she had over the past seven years, including severe mouth burns.[6]

---

[5] The Court notes that Plaintiff's conspiracy claims in the third amended complaint are not her first attempt to allege that the Fresno Police Department monitored her telephone calls and watched her. See Genthner v. Hedrick, et al., 1:16-cv-00350-DAD-BAM (E.D. Cal.). In that case, Plaintiff alleged that Robert Hedrick raped and injured her on July 24, 2010, and March 14, 2014, and that the Fresno Police Department monitored her telephone calls and computer activity and stalked and harassed her. Id. That case was dismissed with prejudice because it was barred by claim preclusion. Genthner v. Hedrick, et al., 1:16-cv-00350-DAD-BAM, ECF No. 5 (E.D. Cal. Aug. 11, 2016).

[6] Plaintiff brought claims for failure to treat her burns in her mouth in another case. See Genthner v. Clovis Community Hospital, et al., 1:16-cv-00581-DAD-BAM (E.D. Cal.). That action was dismissed for failure to state a

7

Plaintiff has failed to allege sufficient facts to state a Fourth Amendment claim. Plaintiff's allegations are vague and conclusory.

Further, Plaintiff brings her conspiracy claims against Dr. Moore, Dr. Chinnock, Dr. Naeni, Dr. Okoro, CRMC, Surgical Services Clinic, and unknown Does, who it appears are other doctors who did not diagnose, treat, or report her ankle fracture to authorities. However, none of these defendants are government actors. Plaintiff refers to Robert Hedrick and unknown Does who work for the Fresno Police Department, but she does not specifically name them as defendants in this action. In the June 8, 2017 order dismissing the second amended complaint with leave to amend, the Court noted that Plaintiff did not name any individuals with the Fresno Police Department or city officials as defendants in this matter and noted that it is unclear if she is actually seeking to bring claims against any officials.

Therefore, the Court finds that Plaintiff fails to state a Fourth Amendment claim.

**B.     State Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a claim for relief on her federal claims for violations of 42 U.S.C. § 1985 and the Fourth Amendment. Liberally construing the claims in the complaint, it appears that Plaintiff is bringing state law claims for medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, corporate negligence, and vicarious liability. It also appears that Plaintiff may be attempting to bring

---

cognizable federal claim and the state law claims were dismissed without prejudice. Genthner v. Clovis Community Hospital, et al., 1:16-cv-00581-DAD-BAM, ECF No. 11 (E.D. Cal. Jan. 30, 2017).

8

claims based on the California Penal Code and claims for privacy pursuant to the California Constitution. As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3). The Court recommends that Plaintiff's state law claims be dismissed without prejudice.

### C. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

Plaintiff has been provided with the opportunity to file three amended complaints to correct the deficiencies in her pleadings with guidance from the Court. Plaintiff was also advised in the order dismissing her second amended complaint with leave to amend that she would only be given one final opportunity to amend. (ECF No. 8 at 8.) Therefore, further leave to amend is not warranted. See Lopez, 203 F.3d at 1130.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's third amended complaint be DISMISSED without leave to amend; and

2. Plaintiff's state law claims be DISMISSED without prejudice.

These findings and recommendations will be submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within

9

twenty (20) days of service of this findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2017**

UNITED STATES MAGISTRATE JUDGE